IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM R. NESBITT,** | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION 00-0279-WS-M |
| **STATE OF ALABAMA,** | ) |
| Respondent. | ) |

**ORDER**

This matter comes before the Court on petitioner William R. Nesbitt's Request for Permission to File Successive Petition in this Cause (doc. 41).

Nesbitt, an Alabama prisoner who is serving three life sentences that date back to 1994, filed his first federal habeas petition under 28 U.S.C. § 2254 in April 2000, collaterally attacking his sentences on a host of grounds. On June 16, 2000, Magistrate Judge Milling entered a Report and Recommendation (doc. 24) in which he recommended that Nesbitt's petition be dismissed as time-barred because it was filed well after AEDPA's one-year deadline had expired. On July 17, 2000, Judge Vollmer entered an Order and Judgment (docs. 31 & 32) adopting the Report and Recommendation and dismissing Nesbitt's § 2254 petition on timeliness grounds. Nesbitt appealed; however, the Eleventh Circuit entered a Judgment (doc. 39) declining to issue the requisite certificate of appealability to sustain such an appeal.

Sometime in 2002, Nesbitt availed himself of the procedures established by 28 U.S.C. § 2244(b)(3) by petitioning the Eleventh Circuit Court of Appeals directly for an order authorizing the District Court to consider a second or successive petition for writ of habeas corpus. On January 9, 2003, the appellate court entered an Order (doc. 40) denying such application for the stated reason that "Nesbitt has not made a *prima facie* showing of the existence of either of the grounds set forth in § 2244(b)(2)." (Doc. 40, at 3.)

Now, Nesbitt requests that this Court grant him leave to file a second, successive § 2254 petition to challenge those same 1994 state-court sentences on various legal grounds. This is not

the correct procedure for obtaining leave to bring a second or successive habeas petition. Indeed, the relevant statute is quite clear that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant **shall move in the appropriate court of appeals** for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis added); *see also McCallum v. McDonough*, 2007 WL 3355476, *2 n.3 (11th Cir. Nov. 14, 2007) (pointing out that "applications for such leave must be filed in the appellate court, not the district court"); *McLeod v. Culliver*, 2009 WL 3757521, *2 (S.D. Ala. Nov. 5, 2009) (prisoner "cannot file a second or successive § 2255 motion without pre-authorization from the Court of Appeals"). Nesbitt appears to be aware that requests for leave to file second or successive habeas petitions must be filed directly with the appellate court; indeed, he followed that very protocol back in 2002. He cannot bypass it here, simply because he did not like the answer the Eleventh Circuit gave him a decade ago.

In short, § 2244(b)(3)(A) leaves no doubt that second or successive habeas petitions such as that which Nesbitt wishes to file in this District Court must be approved in advance by the Eleventh Circuit of Appeals. By lodging such a request for approval here, Nesbitt is requesting relief that this Court is not empowered to grant. Accordingly, the Request for Permission to File Successive Petition in this Cause (doc. 41) is **denied**, without prejudice to Nesbitt's ability to renew such a request before the proper appellate tribunal.

DONE and ORDERED this 18th day of March, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE